## 204

Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and chowder cups or puree cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51369.**—Protests 92197-K, etc., of H. P. Lambert Co. et al. (Boston).

Opinion by KEEFE. J. In accordance with stipulation of counsel and following the decisions cited, the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* The protests were sustained to this extent.

**No. 51370.**—Protest 120722-K of Strohmeyer & Arpe Co. (Los Angeles).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protest was sustained to this extent.

**No. 51371.**—Protest 122675-K/754 of Hiram Walker & Sons, Inc. (Chicago).

Opinion by KEEFE, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 51372.**—Protests 122694-K, etc., of Western Import Co. (Seattle).

Opinion by KEEFE, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gaugers' returns as verified by the affidavits of the importer. The protests were sustained to this extent.